

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00064-CV

_____

KIMBERLY NEWMAN, Appellant

V.

VIRGINIA BUSSEY, Appellee

On Appeal from the 76th District Court
Titus County, Texas
Trial Court No. 36983

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

After having taught school for the Mount Pleasant Independent School District for most of her adult life, Virginia Bussey chose to retire in May 2011. To that end, Bussey contacted Kimberly Newman, a benefits coordinator for the District, to determine her monthly retirement income based on a retirement date of May 31, 2011. In accordance with Bussey's request, Newman provided her an estimate of benefits.[1] The estimate of benefits, calculated under a retirement date of May 31, 2011, reflected an estimated standard annuity of $4,267.78 per month. On July 27, 2011, Bussey submitted her application for service retirement, reflecting a retirement date of August 31, 2011. Bussey alleges that, when Newman filled out the application for service retirement for her, Newman listed an incorrect retirement date. Bussey contends she informed Newman that she wished to retire May 31, 2011.

Bussey sued Newman, alleging that Newman was negligent in the completion of Bussey's application for service retirement by stating an incorrect service retirement date of August 31, 2011. Bussey claims this error resulted in damages equaling the sum of three missed retirement checks for June through August 2011.[2] These damages could have been avoided, Bussey contends, if Newman would have listed Bussey's retirement date as May 31, 2011, as Bussey requested.[3]

---

[1]This document, captioned "Service Retirement Estimate of Benefits With Partial Lump-Sum Option," appears to have been prepared by the Teacher Retirement System of Texas (TRS 25L).

[2]Bussey did not sue the District.

[3]The lawsuit also includes a claim for breach of fiduciary duty.

Newman filed a plea to the jurisdiction alleging the trial court was without subject-matter jurisdiction because Newman has "official, governmental, qualified, and/or good faith immunity from Plaintiff's allegations." Newman filed an answer, subject to her jurisdictional plea, wherein she also asserted immunity as an affirmative defense to the claims against her. In briefing submitted to the trial court, Newman claimed the court lacked subject-matter jurisdiction over the case because Newman was immune from Bussey's allegations. Accordingly, she claimed entitlement to an immediate dismissal of the lawsuit. After a hearing, the trial court denied Newman's plea to the jurisdiction. Newman brings this interlocutory appeal claiming "the trial court should have granted Newman's plea to the jurisdiction because she is immune from suit."

A quasi-companion case decided by this Court today, styled *Kimberly Newman v. Mildred L. Bryan*, cause number 06-13-00063-CV, involves the same factual scenario and the same legal issues presented here, but with a different claimant. In that case, this Court decided that (1) we have appellate jurisdiction over the interlocutory appeal presented, and (2) the trial court erred in overruling Newman's plea to the jurisdiction. For the reasons stated therein, we likewise conclude that we have jurisdiction over this interlocutory appeal and that the trial court erred in overruling Newman's plea to the jurisdiction.

3

We reverse the judgment of the trial court and render judgment in favor of Newman on her plea to the jurisdiction.

Josh R. Morriss, III
Chief Justice

Date Submitted:     September 12, 2013
Date Decided:       October 9, 2013